UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| Jaysen Patterson,<br><br>           Plaintiff,<br><br>v.<br><br>Brian Williams, Sr., *et al.*,<br><br>           Defendants. | 2:23-cv-00735-CDS-MDC<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE (ECF NO. 26); ORDER REGARDING SERVICE; AND DISCOVERY PLAN AND SCHEDULING ORDER** |

Before the Court is plaintiff's *Motion For Appointment Of Counsel*. ECF No. 26. The Court denies the plaintiff's motion without prejudice. *Id.* The Court also addresses the outstanding service issue regarding defendant Joe Lombardo and enters a discovery plan and scheduling order.

**A. Plaintiff's motion for an appointment of counsel**

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981). The Court may appoint counsel under 28 U.S.C. § 1915 only under exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (citations and internal quotation marks omitted).

The Court has reviewed the complaint and filings in this case.  This case is not complex, and he has shown an ability to articulate his claims.  The Court does not find exceptional circumstances that warrant the appointment of counsel of counsel at this time. The Court denies the motion without prejudice, however, as the Court recognizes there could be changed circumstances in this case once discovery opens.

**B. Service of defendant Joeseph Lombardo**

The Office of the Attorney General stated that they will not be representing defendant Joeseph Lombardo in this case, so they filed his address under seal. ECF Nos. 13, 14, and 15. The plaintiff complied with the Court's previous order and returned his USM form (ECF No. 20), but he mistakenly filed his USM form on the docket, rather than send it to the U.S. Marshal to attempt service. See ECF No. 21. The Court now orders that the Clerk of Court coordinate with the U.S. Marshal regarding service of process in this case.

**C. Discovery Plan and Scheduling Order**

Pursuant to Local Rule 16-1(b), "in actions by or on behalf of inmates under 42 U.S.C. § 1983 ...no discovery plan is required," rather "a scheduling order [is] entered within thirty (30) days after the first defendant answers or otherwise appears." This is an action brought under 42 U.S.C. § 1983. While defendant Lombardo has not appeared yet, most of the defendants have answered. See ECF No. 24. The Court thus enters a scheduling order. Defendant Lombardo will not be prejudiced because he can seek an extension of discovery, with a showing of good cause, if necessary.

**IT IS ORDERED** that:

1. Plaintiff's *Motion For Appointment Of Counsel* (ECF No. 26) is DENIED WITHOUT PREJUDICE.
2. The Clerk of Court is directed to issue sealed summons for defendant Joseph Lombardo at the address provided under seal (ECF No. 14) and deliver copies of the following documents to the U.S. Marshal for service:
   a. The sealed summons for defendant Joseph Lombardo.
   b. The Complaint (ECF No. 6).
   c. The Screening Order (ECF No. 5).
   d. Plaintiff's USM Form (ECF No. 21).
   e. This order.

3. The following scheduling deadlines apply:

   a. Discovery: Pursuant to LR 26-1(b), discovery in this action shall be completed on or before **Monday, October 7, 2024**.

   b. Any pleadings that may be brought under Fed. R. Civ. P. 13 & 14 or joining additional parties under Fed. R. Civ. P. 19 & 20, shall be filed and served not later than **Tuesday, July 9, 2024.** Any party causing additional parties to be joined or brought into this action shall contemporaneously therewith cause a copy of this Order to be served upon the new party or parties.

   c. Amendments to pleadings as provided for under Fed. R. Civ. P. 15, if the same are allowed without leave of court, or motions for leave to amend, shall comply with LR 15-1 and shall be filed and served not later than **Tuesday, July 9, 2024.**

   d. Expert disclosures shall be made on or before **Thursday, August 8, 2024**, and the disclosures of rebuttal experts shall be made on or before **Thursday, September 5, 2024**.

   e. Dispositive motions shall be filed and served no later than **Friday, November 8, 2024**.

   f. The joint pretrial order is due by **Friday, December 6, 2024**. If dispositive motions are filed, the joint pretrial order is due thirty days from the entry of the court's rulings on the motions or by further order of the court.

   g. Extensions of discovery: Pursuant to LR 26-3, an extension of the discovery deadline will not be allowed without a showing of good cause. All motions or stipulations to extend discovery shall be received by the Court at least twenty-one days prior to the date fixed for completion of discovery by this scheduling order, or at least twenty-one days prior to the expiration of any extension that may have been approved by the Court. The motion or stipulation shall include:

      i. A statement specifying the discovery completed;

    ii. A specific description of the discovery that remains to be completed;

    iii. The reasons why the deadline was not satisfied, or the remaining discovery was not completed within the time limits set by the discovery plan; and

    iv. A proposed schedule for completing all remaining discovery.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

  **IT IS ORDERED.**

  DATED this 9th day of April 2024.

                Hon. Maximiliano D. Couvillier III
                United States Magistrate Judge