UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Jaysen Patterson,

                    Plaintiff

     v.

Brian Williams, Sr. et al.,

                    Defendants

Case No. 2:23-cv-00735-CDS-MDC

**Order Granting in Part Defendants' Motion for Extension of Time to File Response to Request for Preliminary Injunction**

[ECF No. 53]

Defendants Jeremy Bean, Charles Daniels, Calvin Johnson, Ronald Oliver, James Scally, Steve Sisolak, David Tristan, Jacob Walden, Harold Wickham, Julie Williams, and Brian Williams, Sr. (collectively, "defendants") move for an extension of time to file their response to plaintiff Jaysen Patterson's request for preliminary injunction. Mot., ECF No. 53. Defendants request a twenty-one-day extension, which would move the response time from October 10, 2024, to October 31, 2024. Although Patterson's response is not due until October 24, 2024, for the sake of judicial efficiency I grant defendants' motion in part.

Requests for extensions of time are governed under the Federal Rule of Civil Procedure 6(b)(1). The rule states that a court may, for good cause extend the time for an action (1) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires or (2) on motion made after the time has expired if the party failed to act because of excusable neglect. F.R.C.P 6(b)(1). Although defendants admit that this motion is not timely, they argue that there is good cause and excusable neglect for their late request. ECF No. 53 at 2.

1       Patterson filed the motion for preliminary injunction on September 26, 2024. ECF No.

2  48. Defendants seek an extension of time because the claims in Patterson's motion require

3  defendants' counsel to go through nearly seven months of documentation. ECF No. 53 at 2. The

4  week of September 23, 2024, through October 2, 2024, when Patterson filed his motion for

5  preliminary injunction, counsel for defendants was out of the office on medical leave undergoing

6  surgery and did not have access to her computer or email. *Id.* Therefore, counsel has not had time

7  to go through the necessary documents to provide a response. *Id.* Based on this information, I

8  agree that defendants have demonstrated good cause.

9       To determine whether a party's failure to meet a deadline constitutes 'excusable neglect'

10  courts apply a four-factor test examining "(1) the danger of prejudice to the opposing party; (2)

11  the length of the delay and its potential impact on the proceedings; (3) the reason for the delay

12  and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,

13  507 U.S. 380, 395 (1993).

14      I find that defendants have demonstrated excusable neglect. Here, the danger of

15  prejudice to the opposing party is minimal as the case is young and the motion for preliminary

16  injunction is not yet fully briefed. *Amateur Athletic Union of U.S., Inc., v. Williams*, 2023 WL 5170505,

17  at *1 (D. Nev. Aug. 10, 2023). Additionally, the cause of the delay, counsel's medical leave due to

18  surgery the week Patterson filed the preliminary injunction, is excusable and does not indicate

19  that defendants acted with bad faith. Indeed, the Ninth Circuit has found excusable neglect for

20  far less persuasive reasons. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220 (9th Cir. 2000) (finding

21  that attorneys need to recover from jet lag and review mail constituted excusable neglect).

22  While I find that the requested twenty-one-day extension would be too lengthy of a delay, a

23  fourteen-day extension, given the circumstances, would not be.

24

25

26

2

## Conclusion

IT IS THEREFORE ORDERED that defendants' motion for an extension of time to respond **[ECF No. 53] is GRANTED IN PART**, nunc pro tunc. The response deadline is extended to October 24, 2024, with the reply due October 31, 2024.

Dated: October 15, 2024

_____
Cristina D. Silva
United States District Judge

3