UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Jaysen Patterson,

        Plaintiff

v.

Brian Williams, et al.,

        Defendants

Case No. 2:23-cv-00735-CDS-MDC

**Order Denying Plaintiff's Motion for Default Judgment as Moot and Granting Plaintiff's Motion to Extend Time**

[ECF Nos. 57, 58 ]

Plaintiff Jaysen Patterson moves for default judgment against defendants[1] (ECF No. 57) and alternatively moves for an extension of time to file his reply to defendants' response (ECF No. 58). In Patterson's motion to extend, he explains that, although defendants' response to his motion for preliminary injunction was due on October 24, 2024, as of October 28, 2024, Patterson had not received notice of any response. Mot to. ext., ECF No. 58 at 1. Patterson further explains that he does not know whether defendants simply failed to respond, which would warrant default judgment, or whether defendants have responded but the law library has failed to deliver the notice of response. ECF No. 57 at 3. Thus, Patterson filed both motions. *Id.* The record demonstrates that defendants timely filed their response to the motion for preliminary injunction on October 24, 2024. ECF No. 56. Therefore, Patterson's motion for default judgment must be denied as moot.[2]

---

[1] Brian Williams, Sr., Calvin Johnson, Charles Daniels. David, Tristan, Harold Wickham, Jacob Walden, Jeremy Bean, Governor Joe Lombardo, Julie Williams, James Scally, Steve Sisolak, Ronald Oliver, and the Nevada Department of Corrections.

[2] I also note that Patterson failed to follow the proper procedure in filing this motion for default judgment by failing to attach an affidavit or other legal document showing default is warranted. *See* Fed. R. Civ. P. 55(a) ("[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"). But, even if Patterson had moved for clerk's entry of default, such an entry of default is only appropriate when a defendant "has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a). Defendants have indicated an intent to defend in this action and therefore the entry of default and default judgment is inappropriate at this juncture.

In his motion to extend, Patterson explains that because he has not received notice of the response, he is unable to meet his reply deadline of October 31, 2024.[3] ECF No. 58 at 3; see Order, ECF No. 53 at 3. To have time to reply, Patterson moves for a seven-day extension, bringing his reply date from October 31, 2024, to November 7, 2024. ECF No. 58 at 3. Although defendants' have yet to respond, for the sake of judicial efficiency, and finding good cause, I am granting Patterson's motion requesting an extension of time to reply. The reply deadline is extended to November 15, 2024.[4]

## Conclusion

IT IS THEREFORE ORDERED that Patterson's motion for default judgment **[ECF No. 57] is DENIED as moot.**

IT IS FURTHER ORDERED that Patterson's motion to extend time to file a reply **[ECF No. 58] is GRANTED.** Patterson has until November 15, 2024, to file his reply.

Dated: November 4, 2024

_____
Cristina D. Silva
United States District Judge

---

[3] Although the motions were docketed on October 31, 2024, the motions themselves were dated October 28, 2024, and are thus timely. See LR IA 6-1.

[4] The court was unable to address Patterson's motion to extend time until November 4, 2024, so it sua sponte gave him additional time to file his reply.